UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DAVID KREBSBACH,

    Plaintiff,

v.                                                      CASE NO.:

SNAP-ON CREDIT, LLC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, David Krebsbach, by and through the undersigned counsel, and sues Defendant, SNAP-ON CREDIT, LLC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analysts estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person, and citizen of the State of Tennessee, residing in the city of Memphis, Shelby County.

9.  Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware with its principal place of business located at 950 Technology Way, Suite 301, Libertyville, Illinois 60048-5339 and which conducts business in the State of Tennessee.

11. Defendant called Plaintiff approximately fifty (50) times in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line from the defendant.

13. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (901) ***-0659, and was the called party and recipient of Defendant's calls.

15. Defendant placed an exorbitant number of automated calls and text messages to Plaintiff's cellular telephone (901) ***-0659 in an attempt to collect on a consumer loan.

16. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following numbers: (847) 557-7412; (678) 464-1016; and (815) 404-9696; and when those numbers are dialed, an artificial voice answers and identifies the numbers as belonging to Defendant.

17. On several occasions over the last two (2) years, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

18. On or about August 2018, Plaintiff communicated with Defendant from his aforementioned cellular telephone number and instructed Defendant's agent to cease calling and texting him.

19. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone was done so without the "express consent" of Plaintiff.

20. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone was knowing and willful.

21. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on his cellular telephone, Defendant continues to place automated calls to Plaintiff.

22. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

24. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

25. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

26. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

27. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

28. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant call list.

29. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

34. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the

phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37. Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

38. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff fully incorporates and realleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Tennessee Bar #: 035859
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jdistasio@forthepeople.com
jsherwood@forthepeople.com
lcrouch@forthepeople.com

*Counsel for Plaintiff*